## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

Marcus Miller,

                Plaintiff,        Case No. 24-12354

v.                             Judith E. Levy
                               United States District Judge

Corby Energy Services, Inc., *et al.*,

                              Mag. Judge David R. Grand

              Defendants.

_____/

## ORDER GRANTING DEFENDANTS' MOTION TO COMPEL DISCOVERY, DEEM FIRST REQUEST FOR ADMISSIONS TO PLAINTIFF ADMITTED, AND FOR SANCTIONS [14]

Before the Court is Defendants' "motion to compel discovery, deem first request for admissions to Plaintiff admitted under Rule 36, and for sanctions." (ECF No. 14.)

On December 17, 2024, the Court held a status conference regarding Plaintiff Marcus Miller's lack of prosecution in this case. Defendants appeared at the status conference, but Plaintiff failed to appear. At the status conference, Defendants indicated that the last communication received from Plaintiff's counsel occurred on October 29,

2024, and that Plaintiff's response to Defendants' request for initial disclosures, requests for admission, second requests for production, and interrogatories were overdue. (ECF No. 10, PageID.80–83.) The Court issued an order for Plaintiff to show cause for failure to prosecute on December 18, 2024. (ECF No. 10.) Plaintiff was ordered to show cause by December 27, 2024, "why the Court should not dismiss all claims against Defendants for failure to prosecute pursuant to Eastern District of Michigan Local Rule 41.2." (*Id.* at PageID.83.)

Plaintiff responded to the show cause order on December 23, 2024 (ECF No. 11), and January 6, 2025. (ECF No. 12.) In his December 23, 2024 response, Plaintiff's counsel stated that he "suffered a serious back injury" which rendered him unable to work full-time, has an enormous backlog of work due to his injury, and "has been unable to obtain client responses to his phone calls." (ECF No. 11, PageID.84–85.) He also stated that "he will complete and forward the best possible Mandatory Initial Disclosures within the next 14 days" and "will complete and forward the best possible discovery responses," "with or without client help." (*Id.*) On January 6, 2025, Plaintiff's counsel filed on the docket a copy of Plaintiff's Mandatory Initial Disclosures. (ECF No. 12.)

On January 16, 2025, Defendants' counsel contacted the Court by email, as requested by the Court, indicating that they received Plaintiff's initial disclosures but did not receive complete discovery responses. (Jan. 22, 2025 Text-Only Order.) Defendants were authorized to file a motion to compel and for sanctions, which they did on January 27, 2025. (ECF No. 14.) To date, Plaintiff has not responded to Defendants' motion.

Defendants request the following relief in their motion:

> [T]hat the Court enter an order reflecting that Plaintiff is compelled to provide full and complete, properly executed responses to all outstanding discovery, that Plaintiff has admitted each and every request for admission in Defendants' First Request for Admissions, or alternatively, is compelled to respond to same, that sanctions are issued against Plaintiff for reasonable costs and attorney's fees, and any other relief that the Court deems appropriate.

(*Id.* at PageID.145.) Defendants indicate in their motion that, as of January 27, 2025, Plaintiff's response to Defendants' First Request for Production of Documents is fifty-seven days late, and Plaintiff's responses to Defendant's Request for Admission, Second Request for Production, and Interrogatories are forty-two days late. (*Id.* at PageID.135–136.)

## I. Motion to Compel Responses to Interrogatories and Requests for Production of Documents

"Parties may obtain discovery regarding any non privileged matter that is relevant to any party's claim or defense[.]" Fed. R. Civ. P. 26(b)(1). Pursuant to Federal Rule of Civil Procedure 37, a party seeking a discovery response may file a motion to compel if "a party fails to answer an interrogatory submitted under Rule 33" or "fails to produce documents . . . as requested under Rule 34."

Rule 33 explicitly notes that untimely objections to interrogatories "[are] waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4). District courts in the Sixth Circuit have held that the waiver applies to both Rule 33 interrogatories and Rule 34 requests for production of documents. *Caldwell v. 9173-7999 Quebec, Inc.*, No. 18-cv-12752, 2019 WL 6907349, at *1 (E.D. Mich. Dec. 19, 2019) (collecting cases); *see also Patton v. Aerojet Ordinance Co.*, 765 F.2d 604, 609 (6th Cir. 1985) (noting that the district court should have "determined whether defendants failed timely to object to the answers and whether they thereby waived any objection").

Before waiving a party's discovery objections, courts must first determine that the waiver is "equitable." *Caldwell*, 2019 WL 6907349, at

4

*2. That is, courts should "examine the circumstances of each case, including the reason for tardy compliance, prejudice to the opposing party, and the facial propriety of the discovery requests." *Id.* (quoting *Carfagno v. Jackson Nat'l Life Ins. Co.*, No. 5:99CV118, 2001 WL 34059032, at *1 (W.D. Mich. Feb. 13, 2001)).

Here, Plaintiff has not responded to Defendants' motion and, thus, has not provided an explanation as to why he has not provided responses to Defendants' interrogatories and requests for production of documents. As such, the circumstances do not excuse Plaintiff's failure to respond.[1]

Additionally, the prejudice to Defendants is clear. Without discovery responses, Defendants are unable to prepare a defense in this case.

Finally, courts have an independent duty, when compelling discovery, to confirm that the request is "relevant to the subject matter

---

[1] Plaintiff's counsel previously explained that he "suffered a serious back injury" which rendered him unable to work full time, has an enormous backlog of work due to his injury, and "has been unable to obtain client responses to his phone calls." (ECF No. 11, PageID.84–85.) While the Court understands that Plaintiff's counsel's health issues and his inability to contact his client have impacted his ability to do his work, it is also counsel's responsibility to adequately represent his client or make other arrangements. Mich. Prof'l Conduct R. 1.3 ("A lawyer shall act with reasonable diligence and promptness in representing a client.").

5

involved in the action." *See Firneno v. Nationwide Mktg. Servs., Inc*., No.
14-CV-10104, 2015 WL 13805453, at *3 (E.D. Mich. Dec. 10, 2015), *report
and recommendation adopted*, No. 14-CV-10104, 2016 WL 11582360
(E.D. Mich. Mar. 24, 2016); Fed. R. Civ. P. 26(b)(1). The Court carefully
reviewed Defendant's requests for production (ECF No. 14-19,
PageID.205; ECF No. 14-20) and interrogatories (ECF No. 14-20), and
concludes that the requested documents and the interrogatories are
relevant to this litigation.

As such, Defendants' motion to compel with respect to its requests
for production and interrogatories is granted. Plaintiff's objections to
these discovery requests are waived. Plaintiff is ordered to provide
responses to Defendants' discovery requests by **March 10, 2025**.

## II.   Motion to deem admitted Defendants' First Request for Admissions

Pursuant to Federal Rule of Civil Procedure 36, "[a] party may
serve on any other party a written request to admit, for purposes of the
pending action only, the truth of any matters within the scope of Rule
26(b)(1) relating to: (A) facts, the application of law to fact, or opinions
about either; and (B) the genuineness of any described documents." "A
matter is admitted unless, within 30 days after being served, the party

6

to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3).

Here, Plaintiff failed to respond to Defendants' request for admissions, and over 30 days have passed since being served. The plain text of Rule 36 requires that the Court consider these answers admitted. *Kline v. Mortg. Elec. Registration Sys., Inc.*, 704 F. App'x 451, 458 (6th Cir. 2017). As such, Defendants' motion is granted as to Defendants' request for admissions, and these admissions are deemed admitted.

### III.   Motion for Sanctions

Pursuant to Federal Rule of Civil Procedure 37(d)(1)(A)(ii), a court may, on motion, order sanctions if "a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response." Additionally, if a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). A court

7

must not order payment of reasonable expenses if "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." *Id*.

Defendants seek sanctions against Plaintiff pursuant to Federal Rule of Civil Procedure 37 for Plaintiff's failure to respond to its discovery requests, and request "sanctions in the form of reasonable costs and attorney's fees." (ECF No. 14, PageID.144–145.) The Court finds that sanctions in the form of reasonable costs and attorney fees is reasonable in this circumstance pursuant to Rule 37.

Here, Defendants attempted in good faith to obtain the disclosure or discovery without court action. Defendants communicated numerous times with Plaintiff but did not receive any responses or communications from Plaintiff between October 29 and December 23, 2024. (ECF No. 14, PageID.132.) Plaintiff provided initial disclosures on January 6, 2025, but failed to provide any other discovery response since then, despite additional communications from Defendants. (*Id*. at PageID.135.)

Finally, the Court is unable to identify a reason why Plaintiff's nondisclosure is substantially justified,[2] or any "circumstances [that would] make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(iii). As such, Defendants' motion for sanctions is granted.

## IV. Conclusion

For the reasons set forth above, Defendants' motion to compel discovery, deem first request for admissions to Plaintiff admitted under Rule 36, and for sanctions is GRANTED. (ECF No. 14.) Plaintiff is ORDERED to provide responses to Defendants' discovery requests by **March 10, 2025**. If Plaintiff fails to comply, the case may be dismissed for failure to prosecute.

Defendants are directed to file a declaration and billing records regarding their request for attorney fees.

IT IS SO ORDERED.

Dated: February 24, 2025          s/Judith E. Levy
Ann Arbor, Michigan               JUDITH E. LEVY
                                  United States District Judge

---

[2] As set forth previously, Plaintiff's counsel's health issues or inability to communicate with his client do not justify his failure to respond to discovery requests.

9

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 24, 2025.

<u>s/William Barkholz</u>
WILLIAM BARKHOLZ
Case Manager

10