UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Marcus Miller,

                Plaintiff,          Case No. 24-12354

v.                                      Judith E. Levy
                                          United States District Judge

Corby Energy Services, Inc., *et al.*,
                                          Mag. Judge David R. Grand

                Defendants.

_____/

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS [17],
GRANTING IN PART DEFENDANTS' REQUEST FOR
ATTORNEY FEES [16], AND DISMISSING CASE WITHOUT
<u>PREJUDICE</u>**

Before the Court is Defendants' bill of costs for attorney fees (ECF No. 16) and Defendants' motion to dismiss. (ECF No. 17.) For the reason set forth below, Defendants' request for attorney fees is granted in part and Defendants' motion to dismiss is granted. This case is dismissed without prejudice.

    **I.**    **Defendants' request for attorney fees (ECF No. 16)**

The Court granted Defendants' "motion to compel discovery, deem first request for admissions to Plaintiff admitted under Rule 36, and for

sanctions" on February 24, 2025. (ECF No. 15.) Because the Court granted Defendants' motion, it directed them to file a declaration and billing records regarding their request for attorney fees. (*Id.* at PageID.252.) Defendants filed this information on February 28, 2025. (ECF No. 16.) Plaintiff did not file a response.

Because the motions for sanctions were granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). For the reasons set forth in the Court's order granting Defendants' motion to compel discovery, deem first request for admissions to Plaintiff admitted, and for sanctions (ECF No. 15), the Court does not find that "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A).

### A. Legal Standard

Courts in the Sixth Circuit determine attorney fees awards under Rule 37 using the "lodestar method." *See Nelson v. Ricoh, USA*, No. CV 17-11390, 2018 WL 6728392, at *1 (E.D. Mich. Mar. 1, 2018); *Boykins v. Trinity, Inc.*, No. CV 18-13931, 2021 WL 9772283, at *1 (E.D. Mich. May 11, 2021); *Watkins & Son Pet Supplies v. Iams Co.*, 197 F. Supp. 2d 1030, 1032 (S.D. Ohio 2002). The Sixth Circuit describes the "lodestar method" as follows:

> A starting point is to calculate the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. (This is known as the "lodestar" calculation.) The court should then exclude excessive, redundant, or otherwise unnecessary hours.

*Wayne v. Village of Sebring*, 36 F.3d 517, 531 (6th Cir. 1994) (cleaned up).

The party seeking fees has the burden of "documenting its work." *Gonter v. Hunt Valve Co., Inc.*, 510 F.3d 610, 617 (6th Cir. 2007). In determining attorney fees and costs, the Court has significant discretion, which is "entitled to substantial deference." *Imwalle v. Reliance Med. Prods., Inc.*, 515 F.3d 531, 551 (6th Cir. 2008). "A district court may rely on a party's submissions, awards in analogous cases, state bar association guidelines, and its own knowledge and experience in

3

handling similar fee requests." *Van Horn v. Nationwide Prop. and Cas. Ins. Co.*, 436 Fed. App'x 496, 499 (6th Cir. 2011).

**B. Analysis**

Defendants request attorney fees in the amount of $5,982.00, which were "accumulated in discovery matters and attempts to obtain discovery responses and sanctions." (ECF No. 16, PageID.262.)

    *i.   Determining a reasonable rate*

Hourly rates for counsel are set according to the "prevailing market rate in the relevant community," which in this case is the Eastern District of Michigan. *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 350 (6th Cir. 2000) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 (1984)). A reasonable fee is intended to "attract competent counsel yet [] avoid[] producing a windfall for lawyers." *Id.* at 349.

The hourly rates requested are as follows:

- Jason Brown, Senior Counsel: $240.00 per hour
- Matthew T. Wise, Partner: $280.00 per hour
- Jameika Draughn, Paralegal: $120.00 per hour

4

(ECF No. 16, PageID.255.) To justify these rates, Defendants rely on the State Bar of Michigan's 2023 Economics of Law Survey Results. (*Id.*; *see also id.* at PageID.264–293.)

Mr. Brown states that he has been practicing law since 2014 and that Mr. Wise has been practicing law since 2013. (*Id.* at PageID.296.) The median rate for attorneys with 11 to 15 years of experience is $305.00 per hour and the mean is $330.00 per hour. (*Id.* at PageID.271.) The median rate for employment defense attorneys is $325.00 per hour, and the mean is $354.00 per hour. (*Id.* at PageID.273.) The Court finds that a $240.00 per hour rate for Mr. Brown and a $280.00 per hour rate for Mr. Wise are reasonable because these rates are under the mean and median rates for attorneys with their level of experience and within their field of practice.

As to Ms. Draughn, the State Bar Reports do not provide information about legal assistant or paralegal rates. However, "[along with rates of $160 per hour, b]illing rates of anywhere from $125 [per hour] to $140 [per hour] have also been approved in this district." *Aljahmi v. Ability Recovery Servs., LLC*, No. 2:17-CV-13772, 2022 WL 891416, at *2 (E.D. Mich. Mar. 25, 2022) (citations omitted); *see also Argueta v.*

5

*Argueta-Ugalde*, No. 22-12840, 2023 WL 4206071, at *2 (E.D. Mich. June 27, 2023) (awarding $135 per hour for paralegal work in a case where the petitioner failed to provide information about the paralegals). The Court finds that a $120.00 per hour rate for Jameika Draughn is reasonable.

> ii. *Determining reasonable hours*

Next, the Court must "calculate the number of hours reasonably expended on the litigation" and "exclude excessive, redundant, or otherwise unnecessary hours." *Wayne*, 36 F.3d at 531. In performing a lodestar analysis, "[t]he district court . . . should exclude from [its] initial fee calculation hours that were not 'reasonably expended.'" *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). "The party applying for an award of fees should exercise billing judgment with respect to hours worked." *Imwalle*, 515 F.3d at 552 (internal quotations omitted) (quoting *Hensley*, 461 U.S. at 437). "[T]he documentation offered in support of the hours charged must be of sufficient detail and probative value to enable the court to determine with a high degree of certainty that such hours were actually and reasonably expended in the prosecution of the litigation." *Imwalle*, 515 F.3d at 553. Courts may reduce requested fees when there are issues with excessive billing, inaccuracy, and vagueness. *Hensley*, 461

6

U.S. at 434 (holding that hours that are "excessive, redundant, or otherwise unnecessary" are not reasonable); *Imwalle*, 515 F.3d at 552 (requiring sufficient documentation of hours expended).

Regarding time spent working on discovery and obtaining discovery responses, Mr. Brown purportedly spent 13.1 hours, Mr. Wise purportedly spent 7.3 hours, and Ms. Draughn spent 6.3 hours. (ECF No. 16, PageID.256–262.) Finally, Mr. Brown attests that he "reviewed the billing entries, and the amounts represented in the Bill of Costs . . . are correct." (*Id.* at PageID.297.)

The Court has carefully reviewed the Bill of Costs submitted by Defendants and concludes that Defendants' submission must be reduced. Federal Rule of Civil Procedure 37 provides for the awarding of "reasonable expenses incurred in *making the motion* [to compel]." Fed. R. Civ. P. 37(a)(5)(A) (emphasis added). Defendants' Bill of Costs includes work conducted after Defendants' motion to compel was filed on January 27, 2025. (ECF No. 16, PageID.260–261.) Aside from Defendants' drafting of the Bill of Costs, the hours spent after Defendants filed their motion to compel were not incurred in making the motion to compel and

7

will be excluded.[1] Additionally, the Court will exclude hours that were not caused by failure to respond to discovery requests, such as time spent preparing the joint discovery plan or the underlying discovery requests, or analyzing unrelated Court orders.[2] *See Martinez v. Blue Star Farms, Inc.*, 325 F.R.D. 212, 223 (W.D. Mich. 2018) (awarding attorney fees pursuant to Fed. R. Civ. P. 37(a)(5)(A) related to communications regarding discovery issues, drafting and revising the motion to compel and the reply brief, and attending the hearing); *see also Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002) (excluding fees incurred for underlying discovery requests because "[d]iscovery dispute or no, those fees would have been incurred").

With these reductions, the Court has determined the following reasonable hours. Mr. Wise's hours are reduced from 7.3 hours to 3.9 hours. Mr. Brown's hours are reduced from 13.1 hours to 7.6 hours. Ms.

---

[1] The Court notes that Defendants did not file a reply to their motion to compel. The Court excludes all entries between February 6, 2025 and February 25, 2025. (ECF No. 16, PageID.260–261.)

[2] The Court excludes the following entries: all entries between September 17, 2024 and November 1, 2024; the November 15, 2024 entry; entries related to the Court's order striking Plaintiff's filing on January 7, 2025; and the January 17, 2025 entry. (ECF No. 16, PageID.256–259.)

8

Draughn's hours remain unchanged. As such, Defendants are awarded $3,672.00 in attorney fees.

### C. Conclusion

For the reasons set forth above, Defendants' request for attorney fees is granted in part. Pursuant to Fed. R. Civ. P. 37(a)(5)(A), Plaintiff's counsel is directed to compensate Defendants $3,672.00 in attorney fees.

## II. Defendants' motion to dismiss (ECF No. 17)

On March 13, 2025, Defendants filed a motion to dismiss for failure to prosecute. (ECF No. 17.) To date, Plaintiff has not filed a response.

Federal Rule of Civil Procedure 41(b) "provides for dismissal of an action where the plaintiff has failed 'to prosecute or to comply with these rules or a court order.'" *Bonanno v. Virginia*, No. 22-5546, 2023 WL 8867912, at *2 (6th Cir. June 26, 2023) (quoting Fed. R. Civ. P. 41(b); citing *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991)), *cert. denied*, 144 S. Ct. 850 (2024), *reh'g denied*, 144 S. Ct. 1133 (2024). *See also* E.D. Mich. LR 41.2. When contemplating the dismissal of a case under Rule 41(b), the Court considers the following four factors:

> (1) Whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal;

9

and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Bay Corrugated Container, Inc. v. Gould, Inc.*, 609 F. App'x 832, 835 (6th Cir. 2015) (quoting *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)). "While none of these factors is dispositive, a case may be dismissed by a district court where there is a clear record of delay or contumacious conduct on the part of the plaintiff." *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2001) (citing *Knoll*, 176 F.3d at 363; *Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993)).

Here, the first factor favors dismissal. As set forth in the Court's previous order:

> On December 17, 2024, the Court held a status conference regarding Plaintiff Marcus Miller's lack of prosecution in this case. Defendants appeared at the status conference, but Plaintiff failed to appear. At the status conference, Defendants indicated that the last communication received from Plaintiff's counsel occurred on October 29, 2024, and that Plaintiff's response to Defendants' request for initial disclosures, requests for admission, second requests for production, and interrogatories were overdue. (ECF No. 10, PageID.80–83.) The Court issued an order for Plaintiff to show cause for failure to prosecute on December 18, 2024. (ECF No. 10.) Plaintiff was ordered to show cause by December 27, 2024, "why the Court should not dismiss all claims against Defendants for failure to prosecute pursuant to Eastern District of Michigan Local Rule 41.2." (*Id.* at PageID.83.)

10

>Plaintiff responded to the show cause order on December 23, 2024 (ECF No. 11), and January 6, 2025. (ECF No. 12.) In his December 23, 2024 response, Plaintiff's counsel stated that he "suffered a serious back injury" which rendered him unable to work full-time, has an enormous backlog of work due to his injury, and "has been unable to obtain client responses to his phone calls." (ECF No. 11, PageID.84–85.) He also stated that "he will complete and forward the best possible Mandatory Initial Disclosures within the next 14 days" and "will complete and forward the best possible discovery responses," "with or without client help." (*Id.*) On January 6, 2025, Plaintiff's counsel filed on the docket a copy of Plaintiff's Mandatory Initial Disclosures. (ECF No. 12.)
>
>On January 16, 2025, Defendants' counsel contacted the Court by email, as requested by the Court, indicating that they received Plaintiff's initial disclosures but did not receive complete discovery responses. (Jan. 22, 2025 Text-Only Order.) Defendants were authorized to file a motion to compel and for sanctions, which they did on January 27, 2025. (ECF No. 14.) To date, Plaintiff has not responded to Defendants' motion.

(ECF No. 15, PageID.244–246.) Since the Court's previous order, Plaintiff has not responded to Defendants' bill of costs (ECF No. 16) nor Defendants' motion to dismiss. (ECF No. 17.)

While Plaintiff's counsel has communicated with Defendants since the Court's previous order, Plaintiff's discovery responses remain deficient. Specifically, as of March 12, 2025, Plaintiff's counsel "does not have signed authorizations, has not confirmed any deposition dates with his client, does not have properly signed responses to discovery, and

11

never sent any documents in response to the Defendants' Requests for Production of Documents." (*See* ECF No. 17, PageID.313–314 (detailing Plaintiff's counsel's communications and continuing discovery deficiencies); *see also* ECF Nos. 17-19 (unsigned, incomplete discovery responses sent by Plaintiff's counsel on February 5, 2025), 17-22, 17-23, 17-28.)

"To show that a party's failure to comply was motivated by bad faith, willfulness, or fault, the conduct 'must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [his] conduct on those proceedings.'" *Mager v. Wis. Cent. Ltd.*, 924 F.3d 831, 837 (6th Cir. 2019) (alteration in original) (quoting *Carpenter v. City of Flint*, 723 F.3d 700, 705 (6th Cir. 2013)). Plaintiff's counsel's conduct regarding his late, incomplete, or absent discovery responses demonstrates, at least, a reckless disregard for the effect of his conduct on this case.[3]

---

[3] Plaintiff's counsel previously explained that he "suffered a serious back injury" which rendered him unable to work full time, has an enormous backlog of work due to his injury, and "has been unable to obtain client responses to his phone calls." (ECF No. 11, PageID.84–85.) In Plaintiff's counsel's March 12, 2025 correspondence to Defendants, he explained that he has "been out for some weeks

The second factor also favors dismissal. "Assessing prejudice for purposes of Rule 41(b) requires the district court to look to the 'waste[d] time, money, and effort in pursuit of cooperation which [the non-dilatory party] was legally obligated to provide.'" *Rodriguez v. Hirshberg Acceptance Corp.*, 62 F.4th 270, 277–78 (6th Cir. 2023) (alteration in original) (quoting *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 644 (6th Cir. 2005)). Here, Defendants have expended significant time and effort in litigating this case, including attempting to complete discovery. (*See*, *e.g.*, ECF No. 16 (Bill of Costs).)

The third factor favors dismissal. Whether the plaintiff was warned about the possibility of dismissal "is . . . a key consideration when determining whether a district court abuses its discretion in dismissing a case pursuant to Rule 41(b)." *Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998). In this case, the Court previously warned

---

and parts of weeks due to COVID-19 and its symptoms." (ECF No. 17-28, PageID.460.)

As explained in the Court's previous order (ECF No. 15), while the Court understands that Plaintiff's counsel's health issues and his inability to contact his client have impacted his ability to do his work, Mich. Prof'l Conduct R. 1.3 still applies in this case. ("A lawyer shall act with reasonable diligence and promptness in representing a client.").

Plaintiff about the possibility of dismissal for failure to prosecute on December 18, 2024 (ECF No. 10), and again on February 24, 2025. (ECF No. 15, PageID.252.)

The fourth factor also favors dismissal because the Court considered and imposed lesser sanctions prior to this dismissal order. On February 24, 2025, the Court granted Defendants' motion to compel discovery, deem first request for admissions to Plaintiff admitted under Rule 36, and for sanctions. (ECF No. 15.)

Because all four factors favor dismissal, the Court therefore concludes that it is not an abuse of discretion to dismiss this case for failure to comply with the Court's order and for want of prosecution. *See* Fed. R. Civ. P. 41(b); E.D. Mich. LR 41.2. As such, the Court will dismiss this case without prejudice.[4]

---

[4] Defendants request that "the Court enter an order dismissing Plaintiff's Claims in their entirety, with prejudice." (ECF No. 17, PageID.320.) However, the Court will dismiss Plaintiff's claims without prejudice because there is little indication that Plaintiff himself failed to follow the Court's orders. The Sixth Circuit has cautioned against dismissing a case with prejudice "where the neglect is solely the fault of the attorney." *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) (quoting *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980)); *see also Barron v. University of Michigan*, 613 F. App'x 480, 484–85 (6th Cir. 2015) (upholding dismissal with prejudice when the plaintiff's failure to pay sanctions and produce all discovery requests was attributable to both the plaintiff and her counsel). Out of an abundance of caution, the Court will dismiss this case without prejudice.

## III. Conclusion

For the reasons set forth above, Defendants' request for attorney fees (ECF No. 16) is GRANTED IN PART, and Defendants' motion to dismiss (ECF No. 17) is GRANTED. This case is DISMISSED WITHOUT PREJUDICE. Plaintiff's counsel is directed to compensate Defendants $3,672.00 in attorney fees.

Defendants may file a declaration and billing records regarding their request for attorney fees related to their motion to dismiss. (ECF No. 17, PageID.319–320.)

IT IS SO ORDERED.

Dated: May 5, 2025                      s/Judith E. Levy
Ann Arbor, Michigan              JUDITH E. LEVY
                                                 United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 5, 2025.

                                                 s/William Barkholz
                                                 WILLIAM BARKHOLZ
                                                 Case Manager