## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

Marcus Miller,

                Plaintiff,

v.

Corby Energy Services, Inc., *et al.*,

                Defendants.

_____/

Case No. 24-12354

Judith E. Levy
United States District Judge

Mag. Judge David R. Grand

## ORDER GRANTING IN PART DEFENDANTS' REQUEST FOR ATTORNEY FEES [22]

Before the Court is Defendants' bill of costs for attorney fees. (ECF No. 22.) For the reason set forth below, Defendants' request for attorney fees is granted in part.

On May 5, 2025, the Court granted Defendants' motion to dismiss and dismissed the case without prejudice. (ECF No. 19.) Because the Court granted Defendants' motion to dismiss due to Plaintiff's failure to obey discovery orders and Court orders, Defendants were permitted to "file a declaration and billing records regarding their request for attorney

fees related to their motion to dismiss." (*Id.* at PageID.476.)[1] Defendants filed this information on June 30, 2025. (ECF No. 22.) Plaintiff did not file a response.

## I.     Legal Standard

Courts in the Sixth Circuit determine attorney fees awards under Rule 37 using the "lodestar method." *See Nelson v. Ricoh, USA*, No. CV 17-11390, 2018 WL 6728392, at *1 (E.D. Mich. Mar. 1, 2018); *Boykins v. Trinity, Inc.*, No. CV 18-13931, 2021 WL 9772283, at *1 (E.D. Mich. May 11, 2021); *Watkins & Son Pet Supplies v. Iams Co.*, 197 F. Supp. 2d 1030, 1032 (S.D. Ohio 2002). The Sixth Circuit describes the "lodestar method" as follows:

> A starting point is to calculate the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. (This is known as the "lodestar" calculation.) The court should then exclude excessive, redundant, or otherwise unnecessary hours.

---

[1] The Court dismissed the case pursuant to Federal Rule of Civil Procedure 41(b), which does not explicitly permit an award of attorney fees. Because the dismissal was related to Plaintiff or Plaintiff's counsel's failure to cooperate in discovery and sanctions pursuant to Federal Rule of Civil Procedure 37, the Court permitted Defendants to seek attorney fees related to their motion to dismiss. Further, courts have an "inherent power" to assess attorney fees "for the willful disobedience of a court order" or "when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Alyeska Pipeline Co. v. Wilderness Society*, 421 U.S. 240, 258–59 (1975) (cleaned up).

*Wayne v. Village of Sebring*, 36 F.3d 517, 531 (6th Cir. 1994) (cleaned up).

The party seeking fees has the burden of "documenting its work." *Gonter v. Hunt Valve Co., Inc.*, 510 F.3d 610, 617 (6th Cir. 2007). In determining attorney fees and costs, the Court has significant discretion, which is "entitled to substantial deference." *Imwalle v. Reliance Med. Prods., Inc.*, 515 F.3d 531, 551 (6th Cir. 2008). "A district court may rely on a party's submissions, awards in analogous cases, state bar association guidelines, and its own knowledge and experience in handling similar fee requests." *Van Horn v. Nationwide Prop. and Cas. Ins. Co.*, 436 Fed. App'x 496, 499 (6th Cir. 2011).

## II.   Analysis

Defendants request attorney fees in the amount of $2,756.00 in connection to their motion to dismiss. (ECF No. 22, PageID.492.)

### A. Determining a reasonable rate

Hourly rates for counsel are set according to the "prevailing market rate in the relevant community," which in this case is the Eastern District of Michigan. *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 350 (6th Cir. 2000) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 (1984)). A

reasonable fee is intended to "attract competent counsel yet [] avoid[] producing a windfall for lawyers." *Id.* at 349.

The hourly rates requested are as follows:

- Jason Brown, Senior Counsel: $240.00 per hour

- Matthew T. Wise, Partner: $280.00 per hour

- Jameika Draughn, Paralegal: $120.00 per hour

(ECF No. 22-1, PageID.496; ECF No. 22, PageID.489.) To justify these rates, Defendants rely on the State Bar of Michigan's 2023 Economics of Law Survey Results. (*Id.*; *see also* ECF No. 16, PageID.264–293.)

The Court previously found that these rates are reasonable and concludes the same here. (ECF No. 19, PageID.466–467.)

### B. Determining reasonable hours

Next, the Court must "calculate the number of hours reasonably expended on the litigation" and "exclude excessive, redundant, or otherwise unnecessary hours." *Wayne*, 36 F.3d at 531. In performing a lodestar analysis, "[t]he district court . . . should exclude from [its] initial fee calculation hours that were not 'reasonably expended.'" *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). "The party applying for an award of fees should exercise billing judgment with respect to hours worked."

4

*Imwalle*, 515 F.3d at 552 (internal quotations omitted) (quoting *Hensley*, 461 U.S. at 437). Courts may reduce requested fees when there are issues with excessive billing, inaccuracy, and vagueness. *Hensley*, 461 U.S. at 434 (holding that hours that are "excessive, redundant, or otherwise unnecessary" are not reasonable); *Imwalle*, 515 F.3d at 552 (requiring sufficient documentation of hours expended).

Regarding time spent working on the motion to dismiss, Mr. Brown logged 5.1 hours, Mr. Wise logged 2.8 hours, and Ms. Draughn spent 5.4 hours. (ECF No. 22, PageID.490–492.) Finally, Mr. Brown attests that he "reviewed the billing entries, and the amounts represented in the Bill of Costs . . . are correct." (ECF No. 22-1, PageID.496–497.)

The Court carefully reviewed the Bill of Costs submitted by Defendants and concludes that Defendants' submission will be reduced.

First, the March 13, 2025 entry requesting $170.00 for 0.5 hours of work must be reduced to $120.00. Mr. Brown's rate is $240.00 an hour, and, as such, 0.5 hours of work would equate to a fee of $120.00.

Second, the Court will exclude all hours spent after Defendants filed their motion to dismiss because they were not incurred in bringing the motion to dismiss.[2]

With these reductions, the Court has determined the following reasonable hours. Mr. Wise's hours are reduced from 2.8 hours to 0 hours. Mr. Brown's hours are reduced from 5.1 hours to 3.6 hours. Ms. Draughn's hours remain unchanged. As such, Defendants are awarded $1,512.00 in attorney fees.

## III.  Conclusion

For the reasons set forth above, Defendants' request for attorney fees is granted in part. Plaintiff's counsel is directed to compensate Defendants $1,512.00 in attorney fees.

IT IS SO ORDERED.

Dated: July 17, 2025               s/Judith E. Levy
Ann Arbor, Michigan                JUDITH E. LEVY
                                   United States District Judge

---

[2] The Court excludes all entries between March 14, 2025 and May 6, 2025. (ECF No. 22, PageID.491–492.)

6

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 17, 2025.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager